UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CENTER FOR ENDOSCOPIC SPINE SURGERY, LLC, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H-17-212 |
| WHATABRANDS, LLC, *et al.,* | § § § | |
| Defendants. | § | |

## ORDER

Pending before the court is a motion for summary judgment filed by defendants Cigna Health and Life Insurance Company ("Cigna"), Whataburger Employee Benefit Plan (the "Plan"), and Whataburger Employee Benefit Plan Administrative Committee (collectively, "Defendants"). Dkt. 14. Plaintiff Center for Endoscopic Spine Surgery, LLC ("CESS") did not respond to the motion.[1] Having considered the motion, record evidence, and applicable law, the court is of the opinion that Defendants' motion for summary judgment should be GRANTED.

### I. BACKGROUND

CESS is an ambulatory surgery center that is seeking reimbursement of expenses for a surgery it performed on a beneficiary of the Plan in December 2015. Dkt. 1 at 3–4. Whatabrands, LLC ("Whatabrands") is the provider of the Plan, which is a self-funded employee welfare plan under the Employee Retirement Income Security of 1974 ("ERISA"). Dkt. 14-2 at 2. Edward Nelson is an agent of Whatabrands and is the Plan's official administrator.[2] Dkt. 1 at 2. Cigna is

---

[1] CESS's failure to respond represents that it is not opposed to the motion. S.D. Tex. L.R. 7.4.

[2] CESS dismissed its claims against Whatabrands and Nelson on June 14, 2017. Dkt. 12.

the third party claims administrator for the Plan. Dkt. 14 at 4. After the surgery, CESS submitted an invoice for reimbursement to Cigna, seeking $91,985.00. Dkt. 1 at 11. Cigna authorized its payment vendor, Stratose, to assess the invoice and reimburse CESS accordingly. *Id.*

The Plan covers certain out-of-network expenses. For out-of-network clinics such as CESS, Cigna provides reimbursement for 50% of the Maximum Reimbursable Charge ("MRC"). Dkt. 14-3 at 12. The Plan states that the MRC is the lesser of the provider's normal charge for a similar service, or 110% of a Medicare-based schedule, which was created "to determine the allowable fee for similar services within the geographic market." *Id.* at 13. Stratose based its calculation upon the latter. Dkt. 14-6 at 2. The payment rate for the services provided to the beneficiary is listed in the Medical Ambulatory Surgery Center Payment Schedule ("MASC"). Dkt. 14-5 at 3. According to the MASC, the services provided add up to $2,486.22.[3] Dkt. 14-4. 110% of $2,486.22 is $2,734.84, and 50% of that is $1,367.42. Thus, $1,367.42 is the amount payable under the Plan's terms. *See* Dkt. 14-3 at 13. Cigna sent CESS an Explanation of Payment ("EOB") on February 17, 2016, breaking down the application of the contract rate to the claim CESS submitted. Dkt. 14-6 at 2. The EOB reflects a payment of $2,951.07 made to CESS, which is more than the Plan requires. Dkt. 14-6.

Despite the payment, CESS sued Defendants, Nelson, Whatabrands, and Whataburger Restaurants, LLC[4] alleging: (1) a right to recover benefits under 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty; (3) failure to provide a full and fair review under 29 U.S.C. § 1132 (a)(3);

---

[3] CPT Codes 6303, 69990, and HCPS Code C1713 add up to $2,486.22. Dkt. 14-4.

[4] It is unclear what claim, if any, CESS asserts against Whataburger Restaurants, LLC. CESS seems to equate that entity with Whatabrands. Regardless, CESS certainly does not assert any claim against Whataburger Restaurants, LLC other than those discussed in this order. Thus, any claim against Whataburger Restaurants, LLC is DISMISSED.

(4) negligent misrepresentation; and (5) statutory penalties under 29 U.S.C. § 1132(c). Dkt. 1. In the instant motion, Defendants move for summary judgment on all of those claims. Dkt. 14.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

### A. Right to recover benefits under 29 U.S.C. § 1132(a)(1)(B)

CESS's claim is moot because it has been paid an amount exceeding the amount due under the Plan. In its complaint, CESS alleges that it is entitled to a full reimbursement for the procedure because the beneficiary patient signed an Assignment of Benefits and Designation of Authorized Representation ("AOB"). Dkt. 1 at 9. By signing the AOB, the beneficiary assigned CESS "all medical benefits and/or insurance reimbursement" which would otherwise be payable for services rendered. *Id.* CESS argues that the AOB entitles it to recover the sought amount on the beneficiary's behalf. *Id.* at 10. However, the amount recoverable by the beneficiary was limited under the Plan. Dkt. 14-3 at 12. CESS's recovery is thus likewise limited. Because CESS was paid

$2,951.07 even though the Plan limits recovery to $1,367.42, Cigna paid CESS more than necessary. Thus, CESS's claim is moot and summary judgment is GRANTED.

**B.  Breach of fiduciary duty**

CESS's claim for breach of fiduciary duty is improper because it is based on a denial of benefits under ERISA.  The proper avenue to recovery is a claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B) rather than a fiduciary claim brought under 29 U.S.C. § 1132(a)(3). *McCall v. Burlington N./Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000).  Claims for breach of fiduciary duty cannot be based on a denial of benefits.  *Id.*  The claim asserted by CESS is based on a denial of benefits.  Dkt. 1 at 4.  Because the claim has no legal basis, summary judgment is GRANTED.

**C.  Failure to provide a full and fair review under 29 U.S.C. § 1132 (a)(3)**

CESS alleges that it was not given a full and fair review of its claim for benefits.  Dkt. 1 at 13.  Even if it was not given a full and fair review, the appropriate remedy would be: (1) remand to the plan administrator to determine the appropriate benefits under the plan; or (2) substantive damages in the amount of benefits owed under the plan.  *Lafleur v. La. Health Serv. & Indem. Co.*, 563 F.3d 148, 150 (5th Cir. 2009).  Here, the court determined that Cigna paid CESS more than required under the Plan.  *See supra* Section III.A.  Thus, the claim is moot, and summary judgment is GRANTED.

**D.  Negligent misrepresentation**

CESS is preempted from bringing a negligent misrepresentation claim.  ERISA preempts negligent misrepresentation claims because payment of benefits due to a plaintiff under an alleged ERISA violation is purely a federal concern.  *Hollis v. Provident Life and Accident Ins. Co.*, 259 F.3d 410, 414 (5th Cir. 2001).  State law causes of action are barred when the state law claim both

concerns the right to receive benefits under an ERISA plan and directly affects the relationship between two ERISA entities. *Id.* Further, state-law claims for negligence are preempted by ERISA when the claims are brought by a hospital which acquired the rights to benefits via assignment by a beneficiary. *Transitional Hosps. Corp. V. Blue Cross Blue Shield of Tex., Inc.*, 164 F.3d 952, 954 (5th Cir. 1999). Therefore, CESS's negligent misrepresentation claim is barred to the extent that it is related to its ERISA claim.

Even if the claim was not barred, CESS's claim of negligent misrepresentation fails because CESS offers no proof that any defendant made a negligent misrepresentation. In its complaint, CESS alleges that Cigna negligently misrepresented that the beneficiary was covered under the Plan, that the procedure provided qualified as an out-of-network benefit, and that the procedure was a covered service. Dkt. 1 at 10. All of these statements are true. CESS fails to show that any defendant made a representation that was false as required by state law. *Mahmoud v. De Moss Owners Ass'n, Inc.*, 864 F.3d 322, 329 (5th Cir. 2017). Thus, summary judgment is GRANTED.

E.    **Statutory penalties under 29 U.S.C. § 1132(c)**

CESS is not entitled to statutory penalties under 29 U.S.C. § 1132(c) because it fails to produce any evidence substantiating its claim that it made a request for the plan administrator to produce documents. *See Hendrix v. Prudential Ins. Co. of Am.*, 697 F. App'x 806, 808 (5th Cir. 2017). Because CESS does not produce any evidence, this claim fails. A party opposing a motion for summary judgment must stipulate specific facts indicating an issue of material fact and must not merely rely upon allegations or denials in his pleading. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.242, 256, 106 S. Ct. 2505 (1986). CESS has failed to meet its burden, so its claim for statutory penalties under § 1132 fails, and summary judgment is GRANTED.

## IV. Conclusion

Because CESS fails to create a genuine issue of material fact for any cause of action, Defendants' motion for summary judgment (Dkt. 14) is GRANTED. The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on March 29, 2018.

_____
Gray H. Miller
United States District Judge